UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In Re: | Case No. 11-11007-RBR |
| CRISTINA GRACIELA RODRIGUEZ, | Chapter 7 |
| Debtor. | |

### BB&T'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND INCORPORATED MEMORANDUM OF LAW

**Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Secured Creditor, Branch Banking and Trust Company, a North Carolina banking corporation (hereinafter "BB&T"), by and through its undersigned counsel and pursuant to Section 362(d) of the Bankruptcy Code (hereinafter "Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure, respectfully moves for relief from the automatic stay as it applies to BB&T so as to continue and complete, a previously commenced state court foreclosure proceedings through judgment, sale, certificate of title and possession, with respect to certain real property more fully described below and allow the state court to enter all necessary orders, judgments and decrees associated therewith. In support of the relief requested herein, BB&T states the following:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C §157(b)(2)(A), as this Motion concerns the administration of the Debtor's bankruptcy estate.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL AND FACTUAL BACKGROUND

4. On January 14, 2011, Debtor, Cristina Graciela Rodriguez (hereinafter "Debtor" or "Rodriguez") filed a Voluntary Petition for Relief under Chapter 7 of the Code (hereinafter "Petition Date").

5. Prior to the Petition Date, First Home Finance Corporation, (the "Borrower") requested a loan for the principal amount of $400,000.00 (hereinafter "Small Business Loan") to operate a business located at 5220 SW 64th Avenue, Davie, Florida 33314 (hereinafter "Property"). On or about December 6, 2007, Borrower executed a Promissory Note (hereinafter "Note") for the small business loan. A true and correct copy of the Note is attached hereto as Exhibit "A".

6. On or about December 6, 2007, Borrower also executed a Mortgage of Real Estate and Security Agreement (hereinafter "Mortgage") against the Property, for the small business loan described above. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

7. Additionally, this same day, Rodriguez executed a Guaranty Agreement (hereinafter "Guaranty") of the Note to secure the obligations Borrower owed to BB&T pursuant to the Note. A true and correct copy of the Guaranty is attached hereto as Exhibit "C". (Borrower and Rodriguez, collectively the "Obligors").

8. Furthermore, Borrower executed and delivered to BB&T, at different times, three separate Note Modification Agreements extending the maturity date of the indebtedness owed to BB&T. True and correct copies of the Note Modification Agreements are attached hereto as Composite Exhibit "D".

9.      Prior to the Petition Date, Obligors, including Rodriguez, committed an Event(s) of Default because Borrower failed to pay the monthly installments due under the terms of the Note. Thereafter, BB&T commenced that certain foreclosure action against the Debtor, Case No.: 10-11292-CACE-14 in the Seventeenth Judicial Circuit. As a result, BB&T is owed approximately $355,000.00, plus interest at the maximum rate allowed by the Note, plus all applicable late charges, title search expenses, fees, costs and penalties as reflected in the attached Affidavit.

## MEMORANDUM OF LAW

**I.      CAUSE EXISTS TO GRANT BB&T RELIEF FROM THE AUTOMATIC STAY.**

Section 362(d)(1) of the Bankruptcy Code provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The courts have interpreted the language of Section 362(d)(1) to include a wide range of circumstances constituting "cause" for stay relief. *In re Bryan Road, LLC*, 382 B.R. 844, 854-855 (Bankr. S.D. Fla. 2008) (citing *In re Dixie Broad, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *In re Robbins*, 964 F.2d 342, 346 (4th Cir. 1992) (concluding cause exists where lifting the stay will promote judicial economy). Whether cause exists to grant stay relief is left to the discretion of the court on case by case basis. *Bryan Road, LLC*, 382 B.R. at 854. The court looks to the totality of the circumstances in each particular case when making this determination. *Id.* (*citing In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001)); *In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *see also In re Emerald Cove Villas, LLC*, 2007 Bankr. LEXIS 864, *8 (Bankr. M.D. Fla. Mar. 2, 2007)). The "decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *Dixie Broad*, 871 F.2d at 1026.

### A. Debtors Do Not Have Any Equity in the Properties and They Are Not Necessary For An Effective Reorganization.

As a general rule, "two factors must [usually] be satisfied to continue the automatic stay as a bar to foreclosure on a debtor's property." *Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 886 (2d Cir. 1996). First, "the debtor must have residual equity in the property." *Id.* Second, "the debtor must show that the property at issue is necessary to an effective reorganization." *Id.*; *see also Wagner v. Branch Banking & Trust Co. (In re Hickory Ridge, LLC)*, 2010 WL 2816670, at * (July 15, 2010) (court granted relief from the automatic stay because the creditor "ha[d] not been paid for over two years . . . ; had to advance funds to pay . . . delinquent property taxes . . . ; and . . . suffered the marketing of the properties by [the trustee] for about two years"); *The Caddle Co. v. Banner (In re Banner)*, 294 B.R. 292, 308 (Bankr. D.Conn. 2008) (court granted creditor stay relief to commence foreclosure proceedings because there was no equity in the property and, since the case was a Chapter 7 case, the court did not analyze whether he property was necessary for an effective reorganization).

Here, there is no dispute that the Debtor does not have any equity in the Property listed above, which serves as collateral for the Note based on Debtor's Schedules. There is also no dispute that Rodriguez is in default of the obligations she owes to BB&T. Likewise, since the above-captioned case is a Chapter 7 bankruptcy proceeding, the Property is not necessary for an effective reorganization. Nor can it be said that Movant is adequately protected. As a result, this court should grant BB&T relief from the automatic stay so that it may continue and complete the pending foreclosure proceedings concerning the Property.

## CONCLUSION

Based upon the foregoing, Branch Banking and Trust Company respectfully requests that this Court enter an Order granting BB&T relief from, and terminate, the automatic stay as it applies to BB&T, waiving the time requirements under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure so that it may immediately continue and complete the state court foreclosure proceedings through judgment, sale, certificate of title and possession of the Property and allow the state court to enter all necessary orders, judgments and decrees associated therewith, together with such other relief that this Honorable Court may deem just and proper.

Dated: May 19, 2011.

Respectfully Submitted,

ROETZEL & ANDRESS, LPA

By: /s/Alan J. Perlman
Alan J. Perlman
Florida Bar Number: 826006
350 East Las Olas Boulevard, Suite 1150
Fort Lauderdale, Florida 33301
Phone: 954-462-4150
Fax: 954-462-4260
Email: aperlman@ralaw.com
*Attorneys for Creditor, BB&T*

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 2090-1(A) AND CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and I FURTHER CERTIFY that a true and correct copy of the foregoing was filed and served on May 19, 2011 via the Court's CM/ECF electronic system upon: **Susan D. Lasky**, Esq. The Thorpe Law Firm, P.A., Attorneys for the Debtor, 2101 North Andrews Avenue, Suite 405, Wilton Manors, Florida 33311 and by U.S. Mail on May 19, 2011 upon: Debtor, Cristina Graciela Rodriguez, 5220 SW 64th Avenue, Davie, Florida 33314, Office of the US Trustee, Trustee, 51 SW 1st Avenue, Suite 1204, Miami, Florida 33130 and all parties shown on the attached list.

By: /s/Alan J. Perlman
Alan J. Perlman

35800 v_01