```
INSTR # 107566581
OR BK  44906  Pages 910 - 914
RECORDED 12/14/07 14:44:43
BROWARD COUNTY COMMISSION
DOC STMP-M: $1400.00
INT TAX: fl $800.00
DEPUTY CLERK 1911
#1, 5 Pages
```

☐ This is a refinance of a mortgage dated _____ in the original principal amount of $ _____ in which the amount is being increased by $ _____ ("New Money"). Documentary Stamps and Intangible Tax in the amount of $ _____ are being paid on the new money advanced.

STATE OF FLORIDA
Prepared by and return to
Camille P. Lall
BB&T
6550 N Federal Highway Ste 500
Ft Lauderdale Fl 33308

**BB&T**

# MORTGAGE OF REAL ESTATE AND SECURITY AGREEMENT

THIS MORTGAGE, made this ___6th___ day of ___December, 2007___, by
CRISTINA RODRIGUEZ
1600 SW 131 Terrace Davie, FL 33325-0000
(hereinafter referred to as "Mortgagor"), and granted and given to BRANCH BANKING AND TRUST COMPANY (hereinafter referred to as "Mortgagee"), a corporation organized and existing under the laws of the State of North Carolina, whose address is
6550 NORTH FEDERAL HIGHWAY , FORT LAUDERDALE, FL 33308-1404.

WHEREAS, FIRST HOME FINANCE CORPORATION
(the "Borrower", if not the Mortgagor) is indebted to Mortgagee, as evidenced by a certain promissory note dated the ___6th___ day of ___December, 2007___, executed in favor of Mortgagee in the principal sum of
FOUR HUNDRED THOUSAND DOLLARS & 00/100                                                                                                        Dollars
($___400,000.00___), plus interest thereon, and any renewals, extensions or modifications thereto, the terms of which are incorporated herein by reference. Where used herein, the term "Note" or "Notes" shall be deemed to include the note above described, along with any other notes, additional advance agreements, or other documents now or hereafter evidencing any debt whatsoever incurred by Mortgagor and payable to Mortgagee, and shall include all indebtedness and obligations of the Mortgagor or Borrower to Mortgagee (or an affiliate of Mortgagee) under any interest rate swap transactions, interest rate cap and/or floor transactions, interest rate collar transactions, swap agreements (as defined in 11 U.S.C. § 101) or other similar transactions or agreements, including without limitation any ISDA Master Agreement executed by the Mortgagor or Borrower and all Schedules and Confirmations entered into in connection therewith, hereinafter collectively referred to as a "Hedge Agreement," the terms of which are incorporated herein by reference.

☐ This Mortgage is given to secure that certain contingent liability under the Application and Agreement for Irrevocable Standby Letter of Credit. No promissory note was given to Branch Banking and Trust Company, the issuer of the Standby Letter of Credit, and therefore, neither Documentary Stamp Taxes nor Intangible Taxes are due hereunder.

NOW, THEREFORE, in consideration of the premises and One Dollar ($1.00) in hand paid by Mortgagee, the receipt and sufficiency of which are hereby acknowledged, the Mortgagor does hereby grant, bargain, sell, mortgage, assign and convey unto the Mortgagee the following described real property situated in ___BROWARD___ County, State of Florida:

THE SOUTH ONE-HALF (1/2) OF THE WEST ONE-HALF (1/2) OF TRACT 63,
EVERGLADES LAND SALES CONPANY SUBDIVISION OF SECTION 35, TOWNSHIP 50
SOUTH, RANGE 41 EAST, PLAT BOOK 2, PAGE 34, OF THE PUBLIC RECORDS OF
DADE COUNTY, FLORIDA, EXCEPTING THEREFROM THE FOLLOWING DESCRIBED
PARCEL OF LAND: BEGINNING AT THE SOUTHWEST CORNER OF THE SOUTH
ONE-HALF (1/2) OF THE WEST ONE-HALF (1/2) HALF OF TRACT 63, THENCE
NORTH 45 FEET; THENCE EAST 193 FEET; THENCE SOUTH 45 FEET ; THENCE
WEST 193 FEET TO THE POINT OF BEGINING. COMMONLY KNOWN AS THE
"DAVIE TRACT", SAID LANDS LYING, SITUATE AND BEING IN BROWARD COUNTY,

Together with (i) all buildings, improvements, hereditaments, and appurtenances thereunto appertaining, as far as they may now or hereafter during the term of this indenture belong to or be used in connection with the occupancy of any building existing or to be constructed on such property; (ii) all fixtures, equipment and accessions and attachments thereto now or hereafter attached or used in connection with the operation of such property, and all replacements, additions, and betterments to or of any of the foregoing; (iii) all rights in now existing and hereafter arising easements, rights of way, rights of access, water rights and courses, sewer rights and other rights appertaining thereto; (iv) all as-extracted collateral including without limitation all gas, oil and mineral rights of every nature and kind, all timber to be cut and all other rights appertaining thereto; and (v) all leases, rents and profits therefrom. The real property, buildings, improvements, fixtures, equipment, accessions thereto, appurtenances and all replacements and additions thereof and thereto, all leases and rents therefrom, and all other collateral described above are hereinafter collectively referred to as the "Property".

If any of the Property is of a nature such that a security interest therein can be perfected under the Florida Uniform Commercial Code (the "Code"), this indenture shall constitute a security agreement and financing statement, and the Mortgagor hereby authorizes the Mortgagee to complete and to file any UCC Financing Statement and amendment thereof which Mortgagee deems necessary to perfect, renew or continue such security interest under the Code.

1463FL (0708)                                                         Page 1 of 5

**Exhibit B**

This Mortgage is granted and conveyed to secure: (i) prompt payment of the Note(s) and all renewals, extensions, modifications and substitutions thereof; (ii) the performance of all other obligations set forth therein and in any loan agreement or security instrument in connection herewith and all advances to pay drafts on any letters of credit issued on the account of the Mortgagor or other obligor on the Note(s); (iii) all future advances made to the Mortgagor, or other obligor on the Note(s) if not the Mortgagor, not to exceed the maximum aggregate principal amount up to twice the original amount of the Note(s) described above, whether evidenced by the original Note(s) or any subsequent Note(s), notwithstanding whether any such subsequent Note is a part of the transaction governing the Note(s) or is of the same kind or class, provided that each such subsequent Note or other evidence of indebtedness shall reference that it is secured by this Mortgage or under any Application and Agreement for Irrevocable Letter of Credit executed by the Mortgagor or other obligor on the Note(s); (iv) all obligations under any Hedge Agreement; (v) all sums expended by the Mortgagee to protect and preserve the Property, including without limitation all taxes and insurance premium; and (vi) all costs of collection of the Note(s) and enforcement of this Mortgage, including without limitation all reasonable attorneys' and paralegal fees, court costs, publication fees and related costs.

☐ **Construction Loan.** If this box is marked, this Mortgage is made for the purpose of securing a loan for constructing, improving or adding to a building on the Property or improving the Property, and shall constitute a construction mortgage, as defined in the Code.

TO HAVE AND TO HOLD, all the said Property unto the Mortgagee, its successors and assigns forever.

The Mortgagor covenants that he is lawfully seized of the premises herein above described in fee simple absolute (or such other estate; if any, as is stated hereinbefore), that he has good, right, and lawful authority to sell, convey, or encumber the same, and that the premises are free and clear of all liens and encumbrances whatsoever except as listed in the title opinion or title insurance policy which Mortgagee has obtained in the transaction in which Mortgagee obtained this Mortgage. The Mortgagor further covenants to warrant generally and forever defend title to the premises as herein conveyed unto the Mortgagee, from and against all persons whomsoever lawfully claiming the same or any part thereof.

The Mortgagor (and where more than one, each jointly and severally) agrees and consents to the following terms, covenants, and conditions set forth herein and in any Rider attached hereto and incorporated herein:

1. That if he is a maker or obligor on the Note(s), he will promptly pay the principal of and interest on the indebtedness evidenced by the Note(s) and any subsequent note or agreement evidencing additional advances, at the time and in the manner therein provided. Mortgagor shall timely pay and perform any obligation, covenant or warranty contained not only in this mortgage but also any other mortgage, or writing which gives rise to, or which may constitute a lien upon any of the Property. Upon request of Mortgagee, Mortgagor promptly shall furnish satisfactory evidence of such payment or performance. Mortgagor shall not enter into, terminate, cancel or amend any material lease or contract affecting the Property or any part thereof without the prior written consent of the Mortgagee

2. That the lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of or any other modification relating to the indebtedness or any part thereof secured hereby.

3. That he will pay as they become due all mortgage loan insurance premiums, taxes, assessments, water rates, and other governmental or municipal charges, fines or imposition, assessed against the property hereby mortgaged. If the Mortgagor fails to make any payments provided for in this section or any other payments for taxes, assessments, or the like, the Mortgagee may pay the same, and all sums so paid shall bear interest at the same rate as the principal debt secured hereby (from the date of such advance) and shall be secured by this mortgage.

4. That he will keep the Property in as good order and condition as it is now, reasonable wear and tear excepted, and will not commit or permit any waste thereof.

5. That he will continuously maintain fire, flood and such other hazard insurance as the Mortgagee may require on the improvements which form a part of the Property, now or hereafter constructed on the Property, and will pay promptly when due any premiums on the insurance. If it is determined at any time that any of the Property is located in a flood hazard area as defined in the Flood Disaster Protection Acts of 1973, the Mortgagor shall obtain and maintain flood insurance on Property at Mortgagor's expense for as long as this Mortgage is in effect. Flood insurance coverage shall be in an amount equal to the lesser of (i) the maximum amount secured as set forth herein or (ii) the maximum limit of coverage made available for the particular type of property under applicable law. If the Mortgagor shall fail to procure or maintain hazard or flood insurance coverage in the specified amount for the Property within a reasonable time of receiving notice from Mortgagee of either the requirement or of the lapse of an existing policy, Mortgagee may, but shall not be obligated to, expend for the account of Mortgagor any sums which may be necessary to purchase the required hazard or flood insurance, which shall be fully secured by this Mortgage and which shall accrue interest from the time expended until paid at the rate set forth in the Note(s). Mortgagor shall cause all policies and renewals thereof to be delivered to the Mortgagee. All insurance shall be carried with companies approved by Mortgagee and shall contain a loss payable clause (New York long form) in favor of and in a form acceptable to Mortgagee. In the event of loss, Mortgagor will give immediate written notice to Mortgagee, who may make proof of loss if such is not made promptly by the Mortgagor. Each insurer is hereby authorized and directed to make payment for such loss directly and solely to the Mortgagee, and the insurance proceeds, or any part thereof, may be applied by the Mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration of the Property damaged, but Mortgagee shall not be obligated to see to the proper application of any amount paid over to Mortgagor.

6. That he hereby assigns all the rents, issues, and profits of the Property from and after any default hereunder, and should legal proceedings be instituted pursuant to this instrument, then the Mortgagee shall have the right to have appointed a receiver, to which the Mortgagor consents, of the rents, issues, and profits, who, after deducting all charges and expenses attending such proceedings and the execution of his trust as receiver shall apply the residue of the rents, issues, and profits toward the payment of the debt secured hereby. Mortgagor hereby appoints Mortgagee as Mortgagor's attorney-in-fact to collect any rents and profits, with or without suit, and to apply the same, less expenses of collection to any indebtedness owing under the Note(s) in any manner as Mortgagee may desire. Such appointment shall be a power coupled with an interest and shall remain in full force and effect as long as any of the indebtedness secured hereby remains outstanding or the Mortgagee is obligated to make advances.

7. That he will pay as they become due the principal and interest on all notes, obligations, contracts or agreements, secured by any mortgage, lien, or security interest having priority over this mortgage as to the Property described herein. If the Mortgagor fails to make any of the payments as provided in this section, Mortgagee may pay the same and add any amounts so paid to the principal debt, and all sums so paid shall bear interest at the same rate as the principal debt secured hereby and shall be secured by this mortgage.

8. Mortgagor for itself, its successors and assigns represents, warrants and agrees that (a) neither Mortgagor nor any other person has generated, manufactured, stored, treated, processed, released, discharged or disposed of any Hazardous Materials on the Property or received any notice from any Governmental Authority (hereinafter defined) or other person with regard to a release of Hazardous Materials on, from or otherwise affecting the Property; (b) neither Mortgagor or any other person has violated any applicable Environmental Laws (hereinafter defined) relating to or affecting the Property; (c) the Property is presently being operated in compliance with all Environmental Laws; there are no circumstances presently existing upon or under the Property, or relating to the Property which may violate any applicable Environmental Laws, and there is not now pending, or threatened, any action, suit, investigation or proceeding against Mortgagor relating to the Property (or against any other party relating to the Property) seeking to enforce any right or remedy under any of the Environmental Laws; (d) except in strict compliance with Environmental Laws, the Property shall be kept free of Hazardous Materials and shall not be used to generate, manufacture, transport, treat, store, handle, dispose, process or release Hazard Materials; (e) Mortgagor shall at all times comply with and ensure compliance by all other parties with all applicable Environmental Laws and shall keep the Property free and clear of any liens imposed pursuant to any applicable Environmental Laws; (f) Mortgagor has obtained and will at all times continue to obtain and/or maintain all licenses, permits and other directives from any Governmental Authority necessary to comply with Environmental Laws; Mortgagor is in full compliance with the terms and provisions of the Environmental Requirements (hereinafter defined) and will continue to comply with the terms and provisions of the Environmental Requirements; (g) Mortgagor shall immediately give Mortgagee oral and written notice in the event that Mortgagor receives any notice from any Governmental Authority or any other party with regard to any release or storage of Hazardous Materials on, from or affecting the Property and shall conduct and complete all investigations, sampling, and testing, and all remedial, removal, and other actions necessary or required to clean up and remove all Hazardous Materials on, from or affecting the Property in accordance with all applicable Environmental Laws. Mortgagor hereby agrees to indemnify Mortgagee and hold Mortgagee harmless from and against any and all losses, liabilities, damages, injuries (including, without limitation, reasonable attorneys' fees) and claims of any

1463FL (0708)                                           Page 2 of 5

and every kind whatsoever paid, incurred or suffered by, or asserted against Mortgagee for, with respect to, or as a direct or indirect result of (i) the presence on, or under, or the escape, spillage, emission or release on or from the Property of any Hazardous Material regardless of whether or not caused by or within the control of Mortgagor, (ii) the violation of any Environmental Laws or Environmental Requirements relating to or affecting the Property, whether or not caused by or within the control of Mortgagor, (iii) the failure by Mortgagor to comply fully with the terms and provisions of this paragraph, or (iv) any warranty or representation made by Mortgagor in this paragraph being false or untrue in any material respect. The obligations and liabilities of Mortgagor under this paragraph shall survive the foreclosure of the Mortgage, the delivery of a deed in lieu of foreclosure, the cancellation of the Note; or if otherwise expressly permitted in writing by the Bank, the sale or alienation of any part of the Property.

In the event that any of the Mortgagor's representations or warranties shall prove to be materially false or Mortgagor fails to satisfy any Environmental Requirement, Mortgagee, in its sole discretion, may (i) choose to assume compliance with governmental directives and the Mortgagor agrees to reimburse Mortgagee for all costs, expenses (including all reasonable attorneys' fees, whether in-house or independent), fines, penalties, judgments, suits, or liabilities whatsoever associated with such compliance; or (ii) seek all legal and equitable remedies available to it including, but not limited to, injunctive relief compelling Mortgagor to comply with all Environmental Requirements relating to the Property. Mortgagee's rights hereunder shall be in addition to all rights granted under the Note or other Document and payments by Mortgagor under this provision shall not reduce Mortgagor's obligations and liabilities thereunder. In the event Mortgagee undertakes compliance with Environmental Requirements which Mortgagor failed to perform or which Mortgagee determines is necessary to sell all or any part of the Property, Mortgagor authorizes Mortgagee and/or Mortgagee's agents to prepare and execute on Mortgagor's behalf, any manifest or other documentation relating to the removal and/or disposal of any Hazardous Materials, from, at or on the Property. Mortgagor acknowledges that Mortgagee does not own, or have a security interest in, any Hazardous Materials which exist on, originate from or affect the Property. All amounts expended by the Mortgagee in connection with the exercise of its rights hereunder (including reasonable attorneys' fees and the fees of any environmental consultants) shall become part of the indebtedness secured by this Mortgage.

For purposes of this Mortgage: "Environmental Laws" means the Comprehensive Environmental Response, Compensation and Liability Act, the Hazardous Materials Transportation Act, the Resource Conservation and Recovery Act, and any "Super Fund" or Super Lien" law, or any other federal, state or local law, regulation or decree regulating, relating to or imposing liability or standards of conduct concerning any Hazardous Materials. "Environmental Requirement" means any administrative orders, directives, judgments, consent orders, permits, licenses, authorizations, consents, settlements, agreements or other formal or informal directions or guidance issued by or entered into with any Governmental Authority or private party, including the provisions of any Environmental Law, which obligate or commit Mortgagor to investigate, remediate, treat, monitor, dispose or remove Hazardous Materials. "Governmental Authority" means any federal, state or local agency, department, court or other administrative, legislative or regulatory federal, state or local governmental body, or any private individual or entity acting in place of such entities. "Hazardous Materials" means and includes petroleum products, any flammable explosives, radioactive materials, asbestos or any material containing asbestos, and/or any hazardous, toxic or dangerous waste, substance or material defined as such in the Environmental Laws.

9. Mortgagor shall be in default under this mortgage upon the occurrence of any of the following.

(a) Default in the payment or performance of any of the indebtedness and obligations evidenced by the Notes of any covenant or warranty in this mortgage, in the Note(s) or other document executed in connection herewith, or in any other note of Mortgagor or Borrower to Mortgagee or any contract between Mortgagor or Borrower and Mortgagee; or in any contract between any third party and Borrower or Mortgagee made for the benefit of Mortgagor; or

(b) Any warranty, representation or statement made or furnished to Mortgagee by or on behalf of Mortgagor or Borrower in connection with this transaction proving to have been false in any material respect when made or furnished; or

(c) Loss, theft, substantial damage, destruction to or of the Property, or the assertion or making of any levy, seizure, mechanic's or materialman's lien or attachment thereof or thereon; or

(d) Death, dissolution, termination of existence, insolvency, business failure, appointment of a Receiver for any part of the property of, assignment for the benefit of creditors by, filing of a bankruptcy petition by or against, or the inability to pay debts in the ordinary course of business of the Mortgagor, Borrower or any co-maker, endorser, guarantor or surety for Mortgagor or Borrower; or

(e) Failure of a corporate Mortgagor or Borrower or any co-maker, endorser, guarantor or surety for Mortgagor or Borrower to maintain its corporate existence in good standing; or

(f) Upon the entry of any monetary judgement of the assessment or filing of any tax lien against Mortgagor; or upon the issuance of any writ of garnishment or attachment against any property, debts due or rights of Mortgagor or Borrower; or

(g) The sale (including sale by land contract upon delivery of possession), transfer or encumbrance of all or any part of the Property or any interest therein, or any change in the ownership or control of Mortgagor or Borrower, without Mortgagee's prior written consent; or

(h) If Mortgagee should otherwise deem itself, its security interest, the Property or the indebtedness evidenced by the Note(s) unsafe or insecure; or should Mortgagee otherwise believe that the prospect of payment or other performance is impaired

10. It is agreed that the Mortgagor shall hold and enjoy the premises above conveyed until there is a default under this mortgage or in the Note(s) or other obligations secured hereby. If there is a default in any of the terms, conditions or covenants of this mortgage or of any of the Note(s) or other obligations secured hereby, then at the option of the Mortgagee, and without prior notice to the Mortgagor, all sums then owing by the Mortgagor or any other obligor on the Note(s) to the Mortgagee shall become immediately due and payable, the Mortgagee may in addition pursue all other rights and remedies available against any Mortgagor or any borrower or other obligor under the Note(s) under applicable provisions of Florida Law and of any other law governing the Note(s). This mortgage shall remain as security for full payment of all indebtedness and obligations secured hereby and for performance of any obligation evidenced by the Note(s) and any other obligations described herein, notwithstanding the sale or release of any or all of the Property, the assumption by another party of Mortgagor's obligations under the Note(s) or this mortgage, the forbearance or extension of time or payment of the indebtedness and any other obligations described herein, or any one of same or the release of any party who has assumed or incurred any obligation for the repayment of any indebtedness and any other obligations described herein, and secured by this mortgage. None of the foregoing shall in any way affect the full force and effect of the lien of this mortgage or impair the Mortgagee's right to any other remedies against the Mortgagor or any other obligors under the Note(s). Any forbearance by the Mortgagee in exercising any right or remedy hereunder or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Mortgagee shall not be a waiver of Mortgagee's right to accelerate maturity of the indebtedness evidenced by the Note(s) secured hereby. Time is of the essence in the payment or performance of any of the obligations, or of any covenant or warranty contained in this mortgage, or in any of the Note(s) or any other document secured hereby.

11. Mortgagor understands that upon default hereunder, along with other remedies set out herein and in the above referenced Note(s) or other documents, the Mortgagee may foreclose upon the mortgaged premises and ask for a deficiency judgement. Mortgagor hereby expressly waives and relinquishes any appraisal rights which Mortgagor may have under Florida Law and understands and agrees that a deficiency judgement, if pursued by Mortgagee, shall be determined by the highest priced bid at the judicial sale of the Property.

12. The covenants contained herein and in any rider attached hereto and incorporated herein shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors, and assigns of the parties hereto. Whenever used, the singular number shall be applicable to all genders and the term "Mortgagee" shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation of law or otherwise. The liability of the Mortgagor hereunder shall, if more than one, be joint and several. The designations "corporate", "corporation", and "partnership" include limited liability companies and limited liability partnerships.

13. <u>WAIVER OF TRIAL BY JURY.</u> UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS MORTGAGE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND MORTGAGEE. THIS PROVISION IS A MATERIAL INDUCEMENT FOR MORTGAGEE TO MAKE THE LOAN SECURED BY THIS MORTGAGE. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF MORTGAGEE, NOR MORTGAGEE'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT MORTGAGEE WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF MORTGAGEE, NOR MORTGAGEE'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

IN WITNESS WHEREOF, each Mortgagor has executed under seal this Mortgage the day and year first above written.

Signed, sealed and delivered in the presence of:

**If Mortgagor is a Corporation:**

WITNESS:

_____ (SEAL)

_____
(Print Name)

_____ (SEAL)

_____
(Print Name)

NAME OF CORPORATION

By:_____ (SEAL)

Title_____

By:_____ (SEAL)

Title_____

**If Mortgagor is a Partnership, Limited Liability Company, Limited Liability Partnership, or Limited Liability Limited Partnership:**

WITNESS:

_____ (SEAL)

_____
(Print Name)

_____ (SEAL)

_____
(Print Name)

_____ (SEAL)

_____
(Print Name)

_____ (SEAL)

_____
(Print Name)

NAME OF PARTNERSHIP, LLC, LLP, OR LLLP

By:_____ (SEAL)

By:_____ (SEAL)

By:_____ (SEAL)

By:_____ (SEAL)

**If Mortgagor is an Individual:**

WITNESS:

*Faith R. Hoge* (SEAL)
Patrick J. Hoge
(Print Name)

*[signature]* (SEAL)
Timothy M Byrnes
(Print Name)

_____ (SEAL)

_____
(Print Name)

_____ (SEAL)

_____
(Print Name)

CRISTINA RODRIGUEZ

*[signature]* (SEAL)

_____ (SEAL)

1463FL (0708)                          Page 4 of 5

Notarization of Acknowledgement in an Individual Capacity

STATE OF FLORIDA
COUNTY OF __Broward__

The foregoing instrument was acknowledged before me this __6th__ day of __December__, __2007__, by __Cristina Rodriguez__
(Name of Person Acknowledging)

NOTARY PUBLIC-STATE OF FLORIDA
Patrick J. Hoge
Commission # DD551213
My Comm. Expires: 05/11/2010

_____
(Signature of Notary Public - State of Florida)

__Patrick  J.  Hoge__
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known _____ OR _____
Produced Identification __✓__

Type of Identification Produced __FL Driver's License__

Notarization of Acknowledgement in a Representative Capacity

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, by _____ as _____
(Name of Person)

_____ for _____
(Type of Authority)         (Name of Party on Behalf of Whom Instrument Was Executed)

_____
(Signature of Notary Public - State of Florida)

_____
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known _____ OR
Produced Identification _____

Type of Identification Produced _____

1463FL (0708)                                Page 5 of 5