Maker    FIRST HOME FINANCE CORPORATION
Address    5220 SW 64TH AVE
         DAVIE, FL 33314-5235

9660919896
Customer Number
00001
Note Number

## BB&T
### NOTE MODIFICATION AGREEMENT

$ 400,000.00      12/06/2007      $ 400,000.00      01/05/2009
Original Amount of Note      Original Date      Modification Amount      Modification Date

This Note Modification Agreement (hereinafter Agreement) is made and entered into this ___5th___ day of ___January, 2009___, by and between FIRST HOME FINANCE CORPORATION _____
maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Mortgagor(s).

**Witnesseth:** Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Mortgagor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid, the parties hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment fee as set forth in the Prepayment Fee Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS** (To the extent no change is made, existing terms continue. Sections not completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☐ Variable rate of the Bank's Prime Rate plus _____ % per annum to be adjusted _____ as the Bank's Prime Rate changes.
As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☐, the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____%. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____.

☐ _____

**Principal and Interest are payable as follows:**
☐ Principal (plus any accrued interest not otherwise scheduled herein) ⎫
☒ Principal plus accrued interest ⎬ is due in full at maturity on ___02/06/2009___
☐ Payable in consecutive _____ installments of ☐ Principal ⎫ commencing on _____
                                                                               ☐ Principal and interest ⎭
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____, with one final payment of all remaining principal and accrued interest due on _____.

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____.

☐ Accrued interest is payable _____ commencing on _____ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on _____.

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

☐ _____
☐ _____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:

☐ $_____ principal ⎫ payment(s) due on _____
    $_____ interest   ⎭

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

☒ No documentary stamp tax is required to be paid on this Agreement as such tax was previously paid on the Promissory Note which this Agreement modifies and extends and which is not increased by this Agreement or on the Mortgage, if any, securing the Promissory Note.

☐ Florida documentary stamp tax in the amount of $2,450 has been previously paid directly to the Florida Department of Revenue on the Promissory Note modified by this Agreement. Such Note has become secured by collateral described in this Agreement and additional documentary stamp tax in the amount of $_____ ☐ has been or will be paid directly to the Florida Department of Revenue ☐ has been or will be paid directly to the Clerk of Court for _____ County, Florida, in connection with the recording of the mortgage securing such Note, as modified by this Agreement.

☐ Florida Documentary Stamp Tax is not required.

ACCOUNT# / NOTE#
9660919896    00001

1373FL (0807)



Page 1 of 4

**Exhibit D**

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to Bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $ _____
granted by _____

☐ dated _____ in the maximum principal amount of $ _____
granted by _____

Security Agreement(s) granting a security interest to Bank:

☐ dated _____ given by _____

☐ dated _____ given by _____

☐ Securities Account Pledge and Security Agreement dated _____, executed by _____

☐ Control Agreement(s) dated _____, covering ☐ Deposit Account(s)   ☐ Investment Property
☐ Letter of Credit Rights   ☐ Electronic Chattel Paper

☐ Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____, executed by _____

☐ Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____, executed by _____

☐ Assignment of Life Insurance Policy as Collateral dated _____, executed by _____

☐ Loan Agreement dated _____, executed by Borrower and ☐ Guarantor(s).

☐ _____
☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Mortgagor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) permitted by Florida law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Mortgagor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related mortgage, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of Florida; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. **Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.**

<u>WAIVER OF TRIAL BY JURY</u>. **UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.**

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: __FIRST HOME FINANCE CORPORATION__

Account Number: __9660919896__    Note Number: __00001__

Modification Amount: __400,000.00__    Modification Date: __01/05/2009__

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, THE UNDERSIGNED, on the day and year first written above, has caused this instrument to be executed under seal

### If Borrower is a Corporation:

WITNESS: _[signature]_
_Timothy M. Byrnes_
(Print Name)

FIRST HOME FINANCE CORPORATION
NAME OF CORPORATION

By: _[signature]_ (SEAL)
_Cristina Rodriguez_
(Print Name)
Title _President_

By: _____ (SEAL)
(Print Name)
Title _____

_____
(Print Name)

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership, or Limited Liability Limited Partnership:

WITNESS:

_____
NAME OF PARTNERSHIP, LLC, LLP, OR LLLP

By: _____ (SEAL)
_____
(Print Name)
(Print Name)
Title: _____

By: _____ (SEAL)
_____
(Print Name)
(Print Name)
Title: _____

By: _____ (SEAL)
_____
(Print Name)
(Print Name)
Title: _____

### If Borrower is an Individual:

WITNESS:

_____ (SEAL)
_____
(Print Name)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____ (SEAL)
_____
(Print Name)
_____ (SEAL)
_____
(Print Name)
_____ (SEAL)
_____
(Print Name)
_____ (SEAL)
_____
(Print Name)
_____ (SEAL)
_____
(Print Name)

1373FL (t 807)

| Maker | FIRST HOME FINANCE CORPORATION | | |
|---|---|---|---|
| Address | 5220 SW 64TH AVE | | 9660919896 |
| | | | Customer Number |
| | DAVIE, FL 33314-5235 | | 00001 |
| | | | Note Number |

# BB&T

## NOTE MODIFICATION AGREEMENT

| $ 400,000.00 | 12/06/2007 | $ 400,000.00 | 03/20/2009 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this __20th__ day of __March, 2009__, by and between __FIRST HOME FINANCE CORPORATION__ maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____ owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Mortgagor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Mortgagor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid, the parties hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment fee as set forth in the Prepayment Fee Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS** (To the extent no change is made, existing terms continue. Sections not completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☐ Variable rate of the Bank's Prime Rate plus _____ % per annum to be adjusted _____ as the Bank's Prime Rate changes.
As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☐, the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____.

☐ _____

**Principal and Interest are payable as follows:**

☒ Principal (plus any accrued interest not otherwise scheduled herein) } is due in full at maturity on __05/06/2009__
☐ Principal plus accrued interest
☐ Payable in consecutive _____ installments of ☐ Principal ☐ Principal and interest } commencing on _____,
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $_____, with one final payment of all remaining principal and accrued interest due on _____.

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____.

☒ Accrued interest is payable __Monthly__ commencing on __April 6, 2009__ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on __May 6, 2009__.

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

☐ _____
☐ _____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:

☐ $_____ principal } payment(s) due on _____
☐ $_____ interest

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

☒ No documentary stamp tax is required to be paid on this Agreement as such tax was previously paid on the Promissory Note which this Agreement modifies and extends and which is not increased by this Agreement or on the Mortgage, if any, securing the Promissory Note.

☐ Florida documentary stamp tax in the amount of $2,450 has been previously paid directly to the Florida Department of Revenue on the Promissory Note modified by this Agreement. Such Note has become secured by collateral described in this Agreement and additional documentary stamp tax in the amount of $_____ ☐ has been or will be paid directly to the Florida Department of Revenue ☐ has been or will be paid directly to the Clerk of Court for _____ County, Florida, in connection with the recording of the mortgage securing such Note, as modified by this Agreement.

☐ Florida Documentary Stamp Tax is not required.

**ACCOUNT# / NOTE#**
9660919896    00001

1373FL (0810)



Page 1 of 4

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to Bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken. In addition to Bank's right of off-set and to any liens and security interests granted to Bank in the Agreements, the undersigned hereby grants to Bank a security interest in all of its depository accounts with and investment property held by Bank, which shall serve as collateral for the indebtedness and obligations evidenced by this Note.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $ _____
   granted by _____

☐ dated _____ in the maximum principal amount of $ _____
   granted by _____

Security Agreement(s) granting a security interest to Bank:

☐ dated _____ given by _____

☐ dated _____ given by _____

☐ Securities Account Pledge and Security Agreement dated _____, executed by _____

☐ Control Agreement(s) dated _____, covering ☐ Deposit Account(s)  ☐ Investment Property
                                                    ☐ Letter of Credit Rights  ☐ Electronic Chattel Paper

☐ Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____, executed by _____

☐ Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____, executed by _____

☐ Assignment of Life Insurance Policy as Collateral dated _____, executed by _____

☐ Loan Agreement dated _____, executed by Borrower and ☐ Guarantor(s).

☐ _____
☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Mortgagor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) permitted by Florida law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Mortgagor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related mortgage, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of Florida; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. **Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.**

**WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.**

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)

1373FL (0810)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: __FIRST HOME FINANCE CORPORATION__
Account Number: __9660919896__
Modification Amount: __400,000.00__
Note Number: __00001__
Modification Date: __03/20/2009__

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, THE UNDERSIGNED, on the day and year first written above, has caused this instrument to be executed under seal

**If Borrower is a Corporation:**

WITNESS: _/s/ Jim Byrnes_
(Print Name)

FIRST HOME FINANCE CORPORATION
NAME OF CORPORATION
By: _____ (SEAL)
Cristina Rodriguez (Print Name)
Title President

By: _____ (SEAL)
(Print Name)
Title _____

**If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership, or Limited Liability Limited Partnership:**

WITNESS:

NAME OF PARTNERSHIP, LLC, LLP, OR LLLP
By: _____ (SEAL)
(Print Name)
Title: _____

By: _____ (SEAL)
(Print Name)
Title: _____

By: _____ (SEAL)
(Print Name)
Title: _____

**If Borrower is an Individual:**

WITNESS:
_____ (SEAL)
(Print Name)

**Additional Borrowers and Debtors/Grantors/Guarantors:**

WITNESS:
_____ (SEAL)
(Print Name)

_____ (SEAL)
(Print Name)

_____ (SEAL)
(Print Name)

_____ (SEAL)
(Print Name)

_____ (SEAL)
(Print Name)

_____ (SEAL)
(Print Name)

1373FL (0810)

| Maker | FIRST HOME FINANCE CORPORATION | | |
|---|---|---|---|
| Address | 5220 SW 64TH AVE | | 9660919896 |
| | | | Customer Number |
| | DAVIE, FL 33314-5235 | | 00001 |
| | | | Note Number |

**BB&T**

## NOTE MODIFICATION AGREEMENT

| $ 400,000.00 | 12/06/2007 | $ 400,000.00 | 06/26/2009 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this __26th__ day of __June, 2009__, by and between __FIRST HOME FINANCE CORPORATION__ maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Mortgagor(s).

**Witnesseth:** Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Mortgagor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid, the parties hereto agree that said Promissory Note is amended as hereinafter described:

[ ] Borrower shall pay a prepayment fee as set forth in the Prepayment Fee Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS** (To the extent no change is made, existing terms continue. Sections not completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

[ ] Fixed Rate of _____ % per annum.

[X] Variable rate of the Bank's Prime Rate plus __0.500__ % per annum to be adjusted __Monthly, on the 1st__ as the Bank's Prime Rate changes.

[X] As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here [X], the interest rate will not exceed a(n) [X] fixed [ ] average maximum rate of __99.000__ % or a [ ] floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of __4.750__ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: [ ] when the Note is repaid in full by Borrower [ ] annually beginning on _____.

[ ] _____

**Principal and Interest are payable as follows:**

[X] Principal (plus any accrued interest not otherwise scheduled herein) } is due in full at maturity on __11/06/2009__
[ ] Principal plus accrued interest
[ ] Payable in consecutive _____ installments of _____ { Principal / Principal and interest } commencing on _____
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____, with one final payment of all remaining principal and accrued interest due on _____.

[ ] ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____.

[X] Accrued interest is payable __Monthly__ commencing on __July 6, 2009__ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on __November 6, 2009__.

[ ] Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of the initial principal payment due hereunder. Borrower understands the payment may increase if interest rates increase.

[ ] _____
[ ] _____

[ ] Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:

[ ] $ _____ principal } payment(s) due on _____
    $ _____ interest

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

[X] No documentary stamp tax is required to be paid on this Agreement as such tax was previously paid on the Promissory Note which this Agreement modifies and extends and which is not increased by this Agreement or on the Mortgage, if any, securing the Promissory Note.

[ ] Florida documentary stamp tax in the amount of $2,450 has been previously paid directly to the Florida Department of Revenue on the Promissory Note modified by this Agreement. Such Note has become secured by collateral described in this Agreement and additional documentary stamp tax in the amount of $_____ [ ] has been or will be paid directly to the Florida Department of Revenue [ ] has been or will be paid directly to the Clerk of Court for _____ County, Florida, in connection with the recording of the mortgage securing such Note, as modified by this Agreement.

[ ] Florida Documentary Stamp Tax is not required.

**ACCOUNT# / NOTE#**
9660919896   00001

1373FL (0810)



Page 1 of 4

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to Bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken. In addition to Bank's right of off-set and to any liens and security interests granted to Bank in the Agreements, the undersigned hereby grants to Bank a security interest in all of its depository accounts with and investment property held by Bank, which shall serve as collateral for the indebtedness and obligations evidenced by this Note.

Deed(s) of Trust / Mortgage(s) granted in favor of Bank as beneficiary / mortgagee:

☐ dated _____ in the maximum principal amount of $ _____
   granted by _____

☐ dated _____ in the maximum principal amount of $ _____
   granted by _____

Security Agreement(s) granting a security interest to Bank:

☐ dated _____ given by _____

☐ dated _____ given by _____

☐ Securities Account Pledge and Security Agreement dated _____ , executed by

☐ Control Agreement(s) dated _____ , covering  ☐ Deposit Account(s)     ☐ Investment Property
                                                                  ☐ Letter of Credit Rights ☐ Electronic Chattel Paper

☐ Assignment of Certificate of Deposit, Security Agreement, and Power of Attorney (for Certificated Certificates of Deposit) dated _____
   _____ , executed by _____

☐ Pledge and Security Agreement for Publicly Traded Certificated Securities dated _____ , executed by _____

☐ Assignment of Life Insurance Policy as Collateral dated _____ , executed by

☐ Loan Agreement dated _____ , executed by Borrower and ☐ Guarantor(s).

☐ _____

☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____

_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Mortgagor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) permitted by Florida law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Mortgagor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related mortgage, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of Florida; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

**WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.**

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank. Further, the undersigned agree to provide any and all documentation requested by the Bank in order to verify the identity of the undersigned in accordance with the USA Patriot Act.

(SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: __FIRST HOME FINANCE CORPORATION__

Account Number: __9660919896__

Modification Amount: __400,000.00__

Note Number: __00001__

Modification Date: __06/26/2009__

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, THE UNDERSIGNED, on the day and year first written above, has caused this instrument to be executed under seal

### If Borrower is a Corporation:

WITNESS: _[signature]_

_(Print Name)_

FIRST HOME FINANCE CORPORATION
NAME OF CORPORATION

By: _[signature]_ (SEAL)

CRISTINA RODRIGUEZ
(Print Name)

Title  President

By: _____ (SEAL)

_(Print Name)_

Title _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership, or Limited Liability Limited Partnership:

WITNESS:

_(Print Name)_

NAME OF PARTNERSHIP, LLC, LLP, OR LLLP

By: _____ (SEAL)

Title: _____ _(Print Name)_

By: _____ (SEAL)

_(Print Name)_

Title: _____ _(Print Name)_

By: _____ (SEAL)

_(Print Name)_

Title: _____ _(Print Name)_

### If Borrower is an Individual:

WITNESS:

_____ (SEAL)

_(Print Name)_

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____ (SEAL)

_(Print Name)_

_____ (SEAL)

_(Print Name)_

_____ (SEAL)

_(Print Name)_

_____ (SEAL)

_(Print Name)_

_____ (SEAL)

_(Print Name)_

_____ (SEAL)

_(Print Name)_

1373FL (0810)